**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| V.M., on behalf of B.M., | : | Civ. No. 12-892 (KM) |
| **Plaintiff,** | : | |
| v. | : | **OPINION and ORDER** |
| SPARTA TOWNSHIP BOARD OF EDUCATION, | : | |
| **Defendant.** | : | |

  This matter comes before the Court on a motion for reconsideration of my opinion and order disposing of the parties' cross motions for summary judgment. (ECF nos. 34, 35) Because I write solely for the parties, I do not review the background.

  The standards governing a motion for reconsideration (or reargument) are well settled. *See generally* D.N.J. Loc. Civ. R. 7.1(i). Reconsideration is an "extraordinary remedy," to be granted "sparingly." *NL Indus. Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996). Generally, reconsideration is granted in three scenarios: (1) when there has been an intervening change in the law; (2) when new evidence has become available; or (3) when necessary to correct a clear error of law or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995); *Carmichael v. Everson*, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004). Local Rule 7.1(i) requires such a motion to specifically identify "the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." *Id.*; *see also Egloff v. New Jersey Air Nat'l Guard*, 684 F. Supp. 1275, 1279 (D.N.J. 1988). Evidence or arguments that were available at the time of the original decision will not support a motion for reconsideration. *Damiano v. Sony Music Entm't, Inc.*, 975 F. Supp. 623, 636 (D.N.J. 1997); *see*

*also North River Ins. Co.*, 52 F.3d at 1218; *Bapu Corp. v. Choice Hotels Int'l, Inc.*, 2010 WL 5418972, at *4 (D.N.J. Dec. 23, 2010) (citing *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001)).

None of those criteria for reconsideration are met here.

My decision granted partial summary judgment to the plaintiff on liability. It stated that the case was moving on to the remedial phase, and directed the parties to engage in discovery, which is ongoing. It also stated that, as the case progressed,

> the likely issues will include: 1) whether and to what extent this procedural violation has caused "substantive harm" to V.M. or B.M., up to and including denial of a FAPE; 2) whether and to what extent any award of private school tuition reimbursement should be reduced or eliminated based on the factors set forth in 20 U.S.C. § 1412(a)(10)(C)(iii); and 3) whether and to what extent Sparta is liable for any of V.M.'s legal fees. Those issues should be addressed in the parties' damages submissions, after appropriate discovery, supervised and coordinated by Magistrate Judge Hammer.

(Op. at 35)

Now defendant seeks to isolate the issue of the extent to which the child was denied a FAPE in 2009 and litigate it separately before engaging in any more discovery or motion practice on damages. I do not agree that this approach would be efficient. It is true that there is some resonance between this issue and the issue of what damages the plaintiff suffered. But the parties have had one bite—and a large one at that—at summary judgment. But it would not constitute prudent case management to further segment the case, create another intermediate procedural step, and set off another round of partial summary judgment motions.

Discovery should proceed to a conclusion. At that time, all issues, including the extent of the deprivation of a FAPE and resulting harms, can be considered with the benefit of a full record, on summary judgment if appropriate.

Accordingly, the court having considered the motion (ECF no. 73), plaintiffs' response (ECF no. 80), and defendants' reply (ECF no. 81), and good cause appearing therefor,

**IT IS** this 26th day of October, 2016,

**ORDERED** that the motion for reconsideration (ECF no. 73) of Defendant Sparta Township Board of Education is **DENIED.**

_____
HON. KEVIN MCNULTY, U.S.D.J.